IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                    CASE NO.: 4:01cr59-SPM

PIERRE CARTER,

      Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on the magistrate judge's report and recommendation dated May 22, 2007 (doc. 176).  Defendant has been furnished a copy and he filed objections  (doc. 181).  Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted.

Defendant's trial was postponed on June 3, 2002, to allow time for Defendant to enter a guilty plea.  Defendant pleaded guilty on June 4, 2002, to Count One of the indictment, which charged him with conspiring with co-defendants DeGeorge and Roberts, and others, to distribute and possess with intent to distribute cocaine and more than 50 grams of crack cocaine.  The Government agreed to dismiss Count Four, which charged Defendant with distributing more than 5 grams of cocaine base on August 22, 2001.

Although Defendant argues that his second lawyer, Mr. Glazer, was

ineffective for failing to convey Defendant's willingness to accept the prosecutor's initial offer to plead to an offense involving less than 50 grams of crack cocaine, any failure on Mr. Glazer's part did not result in prejudice to Defendant.  By the time Defendant agreed to the initial offer, the offer was no longer on the table because the prosecutor learned from the co-defendants, who had since pleaded guilty and were cooperating, that Defendant's involvement in the conspiracy predated the distribution charged in Count Four and that Defendant's drug amount for the conspiracy exceeded 50 grams of crack cocaine.  The Government was ready to prove these matters at trial, and jurors were ready to begin jury selection and trial.  A guilty verdict would have resulted in a mandatory life sentence for Defendant because he had at least two prior drug felony convictions.

      Defendant had an opportunity to challenge the Government's proof at trial, but risked a mandatory life sentence if he lost.  Rather than taking his chances at trial, Defendant knowingly and voluntarily pleaded guilty to Count One.  A factual basis existed for the plea, including a basis to find that the drug amount exceeded 50 grams.  As part of the plea agreement, the Government agreed that it would only rely on one prior drug felony in its 851[1] information, thereby reducing Defendant's minimum mandatory sentence from life to twenty years.

      The Court agrees with the report and recommendation that Defendant can

---

[1]  21 U.S.C. § 851.

CASE NO.: 4:01cr59-SPM

show no prejudice regarding his belated attempt to accept the initial plea offer. The offer was no longer available. With the impending trial, Defendant was facing a mandatory life term if he was found guilty. It was only through further plea negotiations that the term was reduced to twenty years. There are no grounds to vacate Defendant's sentence.

Accordingly, it is hereby ORDERED as follows:

1. The magistrate judge's report and recommendation (doc. 176) is ADOPTED and incorporated by reference in this order.

2. Defendant's motion to vacate (doc. 158) is denied.

DONE AND ORDERED this 24th day of September, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.: 4:01cr59-SPM